UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 25-61757-CIV-DIMITROULEAS/HUNT

GABRIEL SALDARRIAGA,

             Plaintiff,

v.

CITIBANK, N.A., et al.,

             Defendants.
                                                    /

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on a Motion to Stay Pending Arbitration ("Motion"), ECF No. 39, filed by Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), and Equifax Information Services, Inc ("Equifax").  The Honorable William Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge.  ECF No. 40; *see* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  For the reasons set forth below, the undersigned hereby RECOMMENDS that the Motion be GRANTED and that these proceedings be STAYED for all Defendants pending arbitration.

This is a Fair Credit Reporting Act ("FCRA") case arising out of a dispute between Plaintiff Gabriel Saldarriaga and his bank, Defendant Citibank, N.A ("Citibank").  ECF No. 1.  In brief, Plaintiff alleges that Citibank improperly identified his bank checking account as a savings account, which caused a payment to be reversed and returned and the account to be labeled as late with a past due balance of $15,250.  *Id.* at 9.  As a result of this, allegedly inaccurate information was reported to various credit bureaus, including

the other named Defendants:  Experian, Trans Union, and Equifax.  *Id.* at 9–11.  Plaintiff alleges that all Defendants violated the FCRA by reporting inaccurate information about his Citibank account.  *Id.* at 17–24.

After Plaintiff and Citibank agreed to arbitrate Plaintiff's claims pursuant to a written card agreement, Plaintiff and Citibank jointly requested a stay in this case as to Citibank only.  ECF No. 32.  This Court granted that stay.  ECF No. 38.  The remaining Defendants—Experian, Trans Union, and Equifax—then brought the instant Motion.[1] ECF No. 39.

In the Motion, Defendants request extending the stay to them until the issuance of a decision in the arbitration.  *Id.*  They argue that "[t]he result of the arbitration proceeding will shed light on threshold issues of accuracy and damages."  *Id.* at 2.  Defendants further argue that "[i]f Citibank's reporting was accurate, or if Plaintiff incurred no damages because of the reporting, then there is no liability for Defendants."  *Id.* at 3.

In opposition, Plaintiff argues that Defendants have separate and independent duties to investigate credit reporting.  ECF No. 41.  According to Plaintiff, Defendants should therefore not get to stay their nonarbitrable claims because of the ongoing arbitration.  *Id*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

---

[1]  While this Motion was pending, Experian and Trans Union settled and dismissed their claims with Plaintiff.  ECF No. 51.  The Motion is moot as to those Defendants.  Equifax has not yet purported to have settled.

This Court may extend that stay to non-arbitrating parties.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983).

Here, Plaintiff's dispute with Citibank is the primary factual basis of all of Plaintiff's claims.  Expanding the stay to encompass nonarbitrable claims is appropriate where, as here, "arbitrable claims predominate."  *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004); *see also Quash Seltzer, LLC v. PepsiCo, Inc.*, No. 21-60191-CIV-RUIZ, 2021 WL 1963639, at *5 (S.D. Fla. May 17, 2021) ("[T]he fact that a litigating party and an arbitrating party 'are technically different . . . is of no practical importance' when the litigation and arbitration are 'based on the exact same factual allegations.'" (quoting *Variable Annuity Life Ins. Co. v. Laferrera*, 680 F. App'x 880, 884 (11th Cir. 2017)).  The undersigned agrees with Defendants that an extension of the stay is justified by the fact that Citibank's arbitration will likely affect Plaintiff's FCRA claims against them.  *See Enwonwu v. Trans Union, LLC*, 164 Fed. App'x 914, 918 (11th Cir. 2006) (discussing elements of FCRA claims, including inaccuracy of reporting and causation).  The stay here will "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions."  *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015).

Accordingly, the undersigned RECOMMENDS that the Motion be GRANTED such that this case be STAYED as to all Defendants, pending arbitration of the claims between Plaintiff and Citibank.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C.

§ 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of March 2026.

_____

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
Counsel of record